UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROYAL HOSPITALITY SERVICES, LLC,

            Plaintiff,

v.

THE UNITED STATES SMALL BUSINESS
ADMINISTRATION and Kelly LOEFFLER
in her official capacity as Administrator of the
United States Small Business Administration

            Defendants.

Civil Action No. 1:24-cv-13031-GAO

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

In its Response in Opposition to Defendants' Cross-Motion for Summary Judgement and Reply in Support of Motion for Summary Judgment, Royal Hospitality Services, LLC posits three main arguments: 1) that NAICS Code 721110 reflects the core of Royal Hospitality's business operations; 2) that the CARES Act does not delegate authority to the SBA to review Royal Hospitality's self-assigned NAICS Code; and 3) that the reasons underpinning the SBA's Final Loan Review Decision are unsupported.  *See generally* Doc. No. 36.  None of these arguments are supported by the language of the CARES Act or the evidence in the administrative record.

**ARGUMENT**

**I.    The SBA reasonably determined that the core of Royal Hospitality's business operation is "Linen and Supply", not "Accommodation and Food Services"**

By its plain terms, NAICS Code 72 is reserved for establishments that provide accommodation and food services.  Because it provides laundry services *to* establishments in the

accommodation and food services industries, Royal Hospitality argues that *it too* must be in the accommodation and food service industry. In support of its position, Royal Hospitality points to language from the NAICS Code Manual which states that accommodation and food service establishments may also provide other services—like laundry services—without disturbing their NAICS Code 72 designation. But that a hotel may also provide laundry services does not transform Royal Hospitality—an establishment in the linen and supply industry—into an establishment governed by NAICS Code 72. This logic would expand the accommodation and food services industries indefinitely, as almost any business could be said to provide services to the accommodation and food service industry. For example, under Royal Hospitality's logic, a taxi service could be considered part of the accommodation and food service industry because it delivers patrons to hotels.

In all events, the SBA's determination that Royal Hospitality is in the linen and supply industry—not the accommodation and food service industry—is supported by the record. The record reflects that Royal Hospitality historically assigned itself a NAICS Code beginning with 81, the code for Linen and Supply, SBA_6362, and there is nothing in the record to reflect that Royal Hospitality's business changed in any meaningful way over the years or by the time it submitted its application for PPP forgiveness in this case. Moreover, all of Royal Hospitality's revenue in 2019 derived from cleaning services—not revenue sources that would typically be associated with accommodation of food services industries. SBA_6258-6260. That Royality Hospitality's cleaning services were provided *to* hotels does not change the analysis, as Royal Hospitality suggests. Doc. No. 36 at p. 7. Perhaps recognizing as much, Royal Hospitality attempts to re-frame its laundering services as "linen management," and points to a letter from Gurki Singh, the Complex General Manager at the Westin Copley Place / W Hotel Boston, to

2

suggest that Royal Hospitality provides "hotel management services." Doc. No. 36 at pp. 3-4. But as even the letter from Gurki Singh makes clear, Royal Hospitality's job is to "assure that both Hotels [have] a steady flow of clean linens"—not to provide hotel management services. SBA_6262. In any event, at bottom, SBA's determination that Royal Hospitality is in the Linen and Supply industry is both reasonable and supported by the record and should not be disturbed by this Court.

**II.    The SBA's existing terms, conditions, and processes applicable to Section 7(a) loans apply to PPP loans.**

Royal Hospitality again insists that the CARES Act does not expressly authorize the SBA to second-guess Royal Hospitality's self-assigned NAICS Code of 72, and that the "congressional decision to relax loan requirements was specifically intended to prevent the SBA from imposing its own internal terms, conditions, and processes traditionally applicable to Section 7(a) loans." Doc. No. 36 at pp. 10-11. In making this argument, Royal Hospitality hangs its hat on the language of the CARES Act that states "*any business concern* with not more than 500 employees" that is assigned a NAICS Code of 72 is subject to the affiliation size waiver set forth in 13 C.F.R. § 121.103. 15 U.S.C. § 636(a)(36)(D)(iv) (emphasis added). But, as fully explained in the SBA's opposition, § 636(a)(36)(D)(iv) cannot be read in isolation and, instead, must be read in harmony with § 636(a)(36)(B), as required by fundamental principles of statutory interpretation. Doc. No. 35 at 16. This is because the Paycheck Protection Program ("PPP") "was not created as a standalone program; instead, it was added into § 7(a), albeit with several of that subsection's general eligibility requirements relaxed. *See* CARES Act, § 1102, 134 Stat. at 286 (amending § 7(a))." And when these two provisions are read together, it is clear that PPP loans are subject to the terms, conditions, and processes traditionally applicable to Section 7(a) loans.

Royal Hospitality's argument—that the "any business concern" language of the CARES Act should be read broadly and in isolation—has been rejected by the Eleventh, Second, and Fifth Circuits. In *Gateway Radiology*, the Eleventh Circuit considered the language in the CARES Act placing the PPP loan program within the pre-existing framework of the Section 7(a) loan program, including the rules and lending criteria promulgated by the SBA in connection with that program. *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1256 (11th Cir. 2020). The court noted that the CARES Act expanded eligibility with respect to *some* borrowers but did not change other pre-existing eligibility and lending requirements. *Id.* at 1258. The court concluded that Congress had granted the SBA discretion to adopt the pre-existing Section 7(a) eligibility and lending criteria into the PPP, as long as the agency's actions did not conflict with the CARES Act. *Id.* at 1257. The Second Circuit reached a similar conclusion in *Pharaohs GC, Inc. v. United States Small Bus. Admin.*, stating that "the CARES Act unambiguously gives the Administrator discretion to adopt the longstanding "terms, conditions, and processes" of the 7(a) program" and that "[i]t is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." 990 F.3d 217, 226 (2d Cir. 2021) (citing *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989)).

Most recently, the Fifth Circuit underscored that "Congress granted the SBA authority to administer the PPP loan program *as it would Section 7(a) loans*." *Shop Rite, Inc. v. United States Small Bus. Admin.*, No. 25-30028, 2025 WL 3188380, at *5-6 (5th Cir. Nov. 14, 2025) (referencing the "except as otherwise provided" language of 15 U.S.C. § 636(a)(36)(B) and that the SBA may rely on its "terms, conditions, and processes" to guarantee PPP loans). Because PPP are subject to the same terms, conditions, and processes that are applicable to Section 7(a) loans, the Fifth

Circuit reasoned that Congress granted the SBA with investigatory authority regarding an entity's self-assigned NAICS code. *Id.*

Royal Hospitality primarily relies on two decisions in support of its argument that Congress intended Section 636(a)(36)(D) to be read broadly and that the SBA was not empowered to "unilaterally implement its own lending restrictions" in connection with PPP loans: *DV Diamond Club of Flint, LLC v. Small Business Administration*, 960 F.3d 743 (6th Cir. 2020) and *National Association of Home Builders v. United States Small Business Administration*, 2021 WL 4458660 (E.D. Mich. Sept. 28, 2021) (vacated and remanded). *See* Doc. No. 36 at pp. 11-13. Both decisions adopted an expansive interpretation of the word "any" without addressing how their interpretations worked within the overall statutory scheme. Moreover, *DV Diamond Club* was not a final decision on the merits as it was a decision in response to SBA's motion to stay a preliminary injunction. *See DV Diamond Club*, 960 F.3d at 745-747. As such, *DV Diamond* and *N.A. Home Builders* represent the minority view and should not be followed by this Court. As one district court explained in rejecting this minority view: "Unlike those two decisions, but like several others, this Court finds significant that the PPP 'was added into the existing § 7(a) program' and thus its provisions should be interpreted in light of Congress' broad grant of authority to the SBA reflected in the existing statutory scheme." *Forest View Rehab. & Nursing Ctr., LLC v. United States Small Bus. Admin.*, 2024 WL 5247837, at *8-9 (N.D. Ill. Dec. 30, 2024); *see also Diocese of Rochester v. U.S. Small Bus. Admin.*, 466 F. Supp. 3d 363, 375 (W.D.N.Y. Jun. 10, 2020).

In line with the majority view from the Eleventh, Second, and Fifth Circuits, this Court should conclude that the existing terms, conditions, and processes applicable to Section 7(a) loans apply to PPP loans, and the SBA rightfully investigated Royal Hospitality's self-assigned NAICS Code of 72.

5

**III.     The SBA's Final Loan Review Decision is supported by the record.**

Royal Hospitality points out that the SBA concluded Royal Hospitality was not eligible for a NAICS Code 72 waiver because it is not a hotel or restaurant. Doc. No. 36 at 17; SBA_57. But that conclusion was not "unsupported", nor did it fail to consider the purported nuances of Royal Hospitality's business, as Royal Hospitality suggests. Doc. No. 36 at 17 (claiming that Royal Hospitality "never claimed to be a hotel or restaurant"). Indeed, SBA looked beyond the label of Royal Hospitality's purported business and reviewed its business records to assess its revenue sources. The SBA requested and received SBA's profit and loss statements from 2019 and noted that there were no entries for "Food", "Beverage", "Room" or any other entries that are typical of a business in the accommodation or food service industry. SBA_6258-6260. Put another way, the SBA did not simply declare that Royal Hospitality was not a "hotel" or "restaurant" and, therefore, assume that it was not in the accommodation or food service industry. Instead, consistent with 13 C.F.R. 121.07 § 107, it considered "receipts, employees, and costs of doing business among the different industries in which business operations occurred for the most recently completed fiscal year." SBA_104. Based on this review, the SBA reasonably concluded that Royal Hospitality's revenue derived primarily from cleaning services, not from hotel management services. *Id.*

Finally, Royal Hospitality suggests that the SBA's conclusion in the FLRD was a "post-hoc rationalization" of its decision to deny Royal Hospitality's application for loan forgiveness. The record establishes the opposite—that the SBA applied the general regulations governing small business size standards, which were not specifically waived by the CARES Act, and analyzed the documentation provided by Royal Hospitality to reasonably determine that Royal Hospitality did not qualify for the affiliation waiver and it, together with its affiliates, exceeded the maximum number of employees to qualify for the PPP loan.

6

## CONCLUSION

For these reasons, and those set forth in Defendants' Opposition to Plaintiff's Motion for Summary Judgment and Incorporated Cross-Motion for Summary Judgment, Defendants respectfully request that this Court allow Defendants' Motion for Summary Judgment and enter judgment in Defendants' favor.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: March 3, 2026     By:   /s/ *Nicole M. O'Connor*
Nicole M. O'Connor
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3112
Email: Nicole.O'Connor@usdoj.gov

## CERTIFICATE OF SERVICE

I, Nicole O'Connor, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: March 3, 2026     By:   /s/ *Nicole M. O'Connor*
Nicole M. O'Connor
Assistant United States Attorney